**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JAMES TRICKEY,

        Plaintiff,

v.

OLIPHANT FINANCIAL, LLC.

        Defendant.

Case No.

## <u>COMPLAINT</u>

NOW COMES Plaintiff, JAMES TRICKEY ("Plaintiff"), by and through his attorneys, hereby alleging the following against Defendant OLIPHANT FINANCIAL, LLC. ("OLIPHANT FINANCIAL" or "Defendant"):

**Nature of the Action**

1.     This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq;* and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*.

**Parties**

2.     Plaintiff is a natural person at all times relevant residing in Missoula County, in the City of Clinton, in the State of Montana.

3.     At all times relevant, Plaintiff was a "consumer," as that term is defined by 15

U.S.C. § 1681(a)(c).

4.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3)

5.     Plaintiff is a "debtor" or "consumer" as  defined by Fla. Stat. § 559.55(8)

6.     Defendant OLIPHANT FINANCIAL is a debt collection agency doing business in the state of Montana with its principal place of business located in Sarasota, Florida.

7.     Defendant OLIPHANT FINANCIAL  is a "person," as defined by 47 U.S.C. §153 (39).

8.     Defendant OLIPHANT FINANCIAL is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9.     Defendant OLIPHANT FINANCIAL is a "consumer collection agency" as defined by Fla. Stat. § 559.55(3)

10.     Defendant OLIPHANT FINANCIAL is a "debt collector" as defined by Fla. Stat. § 559.55(7)

11.     At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### Jurisdiction and Venue

12.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

13.     Venue is proper pursuant to 28 U.S.C. § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

/ /

2

**Facts**

14.    Plaintiff is a consumer who is the victim of inaccurate credit reporting by OLIPHANT FINANCIAL regarding a credit account that he had with WebBank doing business as Lending Club, settled with OLIPHANT FINANCIAL, and paid to OLIPHANT FINANCIAL to satisfy that settlement..

15.    In addition, Plaintiff is also a victim of unlawful debt collection practices by OLIPHANT FINANCIAL.

16.    Credit Reporting Agencies (e.g., Trans Union, LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc., hereinafter referred to as "CRA" or "CRAs") have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

17.    Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs) have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

18.    Furnishers are also prohibited from furnishing information they know or should know is inaccurate.

19.    Here, Plaintiff is a victim of inaccurate reporting regarding an account he had with OLIPHANT FINANCIAL, an inaccuracy found in two different credit reports published by CRAs based on the information provided to them by Defendant. The following is a description of the inaccuracy and failures of Defendant to investigate and update their reporting of the account in question to the CRAs:

20.    In or around March 22, 2021, Plaintiff and OLIPHANT FINANCIAL settled an account ending in 1150  (the "Account") for $4,863.00.

3

21.     Per the terms of the settlement agreement, Plaintiff made eighteen (18) payments of about $270.16, with the final payment on August 23, 2022, which fully satisfied the settlement agreement and Account.

22.     On September 20, 2024, Plaintiff received copies of his credit report from two different CRAs, which, to his surprise, were incorrect. Upon information and belief, Defendant OLIPHANT FINANCIAL reported incorrect information regarding the Account to the CRAs.

23.     Specifically, Trans Union reported the Account status as ">Collection<" with a balance of $4,029, even though this Account had been settled and paid in August 2022. Equifax reported the Account status as "UNPAID," with a balance of $4,029 even though this Account was paid in August 2022.

24.     Defendant's failure to furnish accurate information regarding Plaintiff's Account harmed Plaintiff's credit score and would, at the least, mislead any third party reviewing Plaintiff's credit history.

25.     On January 24, 2025, Plaintiff issued disputes by mail to the two CRAs that Plaintiff received credit reports from regarding the incorrect information being reported on the Account.

26.     In his dispute letters, Plaintiff disputed the incorrect entries in his credit report regarding the Account's status and balance and rating. Plaintiff also included proof of the agreement between himself and OLIPHANT and proof of the payment made in satisfaction of the agreement.

27.     Upon information and belief, pursuant to their own obligations under the FCRA, the two CRAs would have notified OLIPHANT FINANCIAL of Plaintiff's disputes within five days of receipt of the disputes.

28.    Further, upon information and belief, the two CRAs would have sent the documentation Plaintiff included in his dispute letters to OLIPHANT, including the terms of the settlement and proof of the payment.

29.    Despite his very specific disputes to the CRAs to which Defendant was furnishing inaccurate information, Plaintiff received two more credit reports on or around May 27, 2025 which reflected no update in the Account's reported information. Upon information and belief, this is because Defendant continued to furnish inaccurate information about Plaintiff's Account.

30.    These two newer credit reports reported a higher balance of $4,114, which on information and belief, are fees and interest charges which OLIPHANT FINANCIAL unlawfully imposed on Plaintiff.

31.    OLIPHANT FINANCIAL breached the settlement agreement by failing to close the account and by reporting this debt to the credit bureaus in an unfair, unconscionable, and continued effort to collect additional debt from Plaintiff.

32.    On information and belief, OLIPHANT FINANCIAL never intended to settle Plaintiff's Account for $4,029 and instead misrepresented that it would settle the Account for less than the original balance to motivate Plaintiff into complying with its debt collection attempts.

33.    At the time of filing this complaint, the two CRAs continue to report the Account inaccurately, which is based on the inaccurate information being furnished by Defendant.

34.    Upon information and belief, the two CRAs continue to report this information because of OLIPHANT FINANCIAL's furnishing of incorrect information regarding the Account to the two CRAs.

35. Additionally, upon information and belief, OLIPHANT FINANCIAL failed to conduct a reasonable investigation into the information about the Account it furnished to the CRAs.

36. If OLIPHANT FINANCIAL had complied with their duties to reinvestigate the Account when it received notice of the disputes, it would have conducted a reasonable reinvestigation and updated the information it was furnishing accordingly.

37. Further, OLIPHANT FINANCIAL continues to furnish information regarding the Account that it knows or should know is inaccurate.

38. As a result of this conduct and action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and suffered mental and emotional distress.

39. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

## COUNT I – OLIPHANT FINANCIAL, LLC.
### Violation of the Fair Credit Reporting Act
### 15 U.S.C. § 1681s-2(b)

40. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-39.

41. After receiving Plaintiff's disputes, OLIPHANT failed to reasonably reinvestigate its reporting of the information regarding the OLIPHANT Account reporting on Plaintiff's consumer report.

42. OLIPHANT violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's disputes, by failing to accurately report the results of the investigation to the

CRAs, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of OLIPHANT's representations to the CRAs.

43.     As a result of this conduct, action, and inaction of OLIPHANT, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

44.     OLIPHANT's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

45.     In the alternative, OLIPHANT was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

46.     Plaintiff is entitled to recover costs and attorneys' fees from OLIPHANT, pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**COUNT II – OLIPHANT FINANCIAL, LLC.**
**Violation of the Fair Debt Collection Practices Act**
**15 U.S.C. § 1692e**

47.     Plaintiff repeats and incorporates into this cause of action by reference the factual allegations set forth in paragraphs 1-39.

48.     Defendant's violations of the Fair Debt Collection Practices Act include, but are not limited to, the following violations.

49.     Defendant violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

50.     Defendant violated 15 U.S.C. § 1692e(10) by using any false representation or deceptive means to collect or attempt to collect any debt.

7

51.    As a result of this conduct, action, and inaction of OLIPHANT FINANCIAL, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, mental and emotional distress, and interference with Plaintiff's normal and usual activites for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

52.    Pursuant to 15 U.S.C. § 1692k, Defendant is liable to Plaintiff in an amount equal to the sum of any actual damage sustained by Plaintiff as a result of Defendant's conduct and such additional damages as the courts may allow, but not exceeding $1,000, and the costs of the action together with a reasonable attorney's fee as determined by the court.

### COUNT III – OLIPHANT FINANCIAL, LLC.
### Violation of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692f

53.    Plaintiff repeats and incorporates into this cause of action by reference the factual allegations set forth in paragraphs 1-39.

54.    Defendant's violations of the Fair Debt Collection Practices Act include, but are not limited to, the following violations.

55.    Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

56.    Defendant violated 15 U.S.C. § 1692f(1) by collecting any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

57.    As a result of this conduct, action, and inaction of OLIPHANT FINANCIAL, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, mental and emotional distress, and interference with Plaintiff's normal

and usual activites for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

58.     Pursuant to 15 U.S.C. § 1692k, Defendant is liable to Plaintiff in an amount equal to the sum of any actual damage sustained by Plaintiff as a result of Defendant's conduct and such additional damages as the courts may allow, but not exceeding $1,000, and the costs of the action together with a reasonable attorney's fee as determined by the court.

**COUNT IV – OLIPHANT FINANCIAL, LLC.**
**Violation of the Florida Consumer Collection Practices Act**
**Fla. Stat. § 559.55 *et seq*.**

59.     Plaintiff repeats and incorporates by reference into this cause of action the factual allegations set forth above in paragraphs 1-39

60.     Defendant's violations of the Florida Consumer Collection Practices Act include, but are not limited to, the following violations.

61.     Defendant violated Fla. Stat. § 559.72(5) by disclosing to a person other than the debtor or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

62.     Pursuant to Fla. Stat. § 559.77(2), Defendant is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

/ /

9

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3);

d) Actual damages to be proven at trial, and such additional statutory damages as the court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k.

e) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1692k;

f) Actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the Plaintiff, pursuant to Fla. Stat. § 559.77; and,

g) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Dated: 03/31/2026                                   Respectfully submitted,

                                                    */s/ Mitchell Ortega*
                                                    Mitchell Ortega
                                                    Gator Law, P.C.
                                                    2 N Central Avenue, Ste. 1800
                                                    Phoenix, AZ 85004

10

P: (385) 324-5471
E: attorneys@gatorlawpc.com
Attorneys for Plaintiff,
JAMES TRICKEY

11